IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SALEEM EL-AMIN,

                    Petitioner,

          v.                              CASE NO. 19-3168-JWL

OFFICE FOR ACCESS TO THE ADMINISTRATION OF JUSTICE,

                    Respondent.


## MEMORANDUM AND ORDER

This matter is a petition for mandamus filed by a prisoner held at the United States Penitentiary-Leavenworth. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

### Nature of the Petition

Petitioner is a District of Columbia offender. He states that in July 2017, his post-conviction appellate attorney, April Fearnley, filed a motion for new trial under D.C. Code §23-110[1]. On August 1, 2018, the Superior Court for the District of Columbia dismissed that motion as frivolous. On March 13, 2019, the District of Columbia Court of Appeals denied the petition for rehearing *en banc* (Doc. 1, Attach. 1).

Petitioner argues that "counsel has a statutory duty under D.C. Code 11-2603 to weigh filing a D.C. Code 23-110", and he contends that Ms. Fearnley's filing of a motion that was denied as frivolous violated

---

[1] D.C. Code § 23-110 *Remedies on motion attacking sentence* authorizes a prisoner in custody under a sentence imposed in the District of Columbia Superior Court to move that court to vacate, set aside, or correct the sentence. This remedy was designed "to vest the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009).

D.C. Bar Rule 3.1[2].

Petitioner broadly asserts that he has "a right to be rewarded for counsel violating Bar Rule 3.1 and 3.4." As relief, he requests that the Court "compel the office for access to administration of justice to give [him] access to justice for counsel failing her obligations."

## Discussion

Petitioner proceeds under 28 U.S.C. § 1361, which authorizes the federal district courts "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is an extraordinary remedy and may issue only "to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988)(quotations omitted). A court may grant mandamus relief only where it finds "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy…." *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

Petitioner does not meet these standards. First, he has not clearly identified a federal officer, employee, or agency as a respondent. Next, he has not identified any clear right to the relief he seeks or explained the exact nature of the relief he seeks. The dismissal of a motion filed by petitioner's counsel as frivolous does

---

[2] Rule 3.1 of the Rules Governing the District of Columbia Bar provides: A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good-faith argument for an extension, modification, or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or for the respondent in a proceeding that could result in involuntary institutionalization, shall, if the client elects to go to trial or to a contested fact-finding hearing nevertheless so defend the proceeding as to require that the government carry its burden of proof.

not in itself entitle petitioner to relief, nor is it apparent how a writ of mandamus would benefit him.

## Conclusion

The Court concludes petitioner has not established grounds for the issuance of a writ of mandamus. Because this matter is dismissed due to petitioner's failure to state an arguable ground for mandamus relief, the Court concludes this matter qualifies as a strike under 28 U.S.C. § 1915(g). *See Fay v. United States,* 389 Fed. Appx. 802, 2010 WL 2977454 (10th Cir. Jul. 29, 2010)(assessing strikes for dismissal of federal prisoner's mandamus action and subsequent appeal).

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED the petition for writ of mandamus is denied.

**IT IS SO ORDERED.**

DATED:  This 4th day of September, 2019, at Kansas City, Kansas.


S/ John W. Lungstrum
JOHN W. LUNGSTRUM
U.S. Senior District Judge